Tian v. Sessions

BIA
Poczter, IJ
A205 825 148

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand seventeen.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*
_____

LI GUO TIAN,
*Petitioner,*

v.                                          15-4128
NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,

*Respondent.*
_____

FOR PETITIONER:          Michael Brown, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         P. Nicastro, Assistant Director;
                         Jonathan Robbins, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, U.S. Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Guo Tian, a native and citizen of the People's Republic of China, seeks review of a December 10, 2015, decision of the BIA affirming an August 20, 2014, decision of an Immigration Judge ("IJ") denying Tian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Li Guo Tian,* No. A205 825 148 (B.I.A. Dec. 10, 2015), *aff'g* No. A205 825 148 (Immig. Ct. N.Y. City Aug. 20, 2014).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed "the IJ's decision as modified by the BIA." *Lianping Li v. Lynch*, 839 F.3d 144, 148 (2d Cir. 2016).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on inconsistencies in an applicant's statements.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).  A single

2

inconsistency or omission that goes to the heart of a claim can support an adverse credibility finding. *See, e.g., Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006). Applying the "substantial evidence" standard of review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The ruling against Tian was sound. His asylum application and testimony conflicted on a central point: his location when his wife was seized for her second forced abortion. His asylum application said that his wife was taken from a relative's home for a forced abortion and then returned to her home village, and that, when Tian was rushing home after hearing the news, he was spotted by family planning cadres who beat him and then left. By contrast, he testified that he and his wife were home together and were both taken to the hospital, where she was forced to have an abortion and he was beaten and detained for two days. "Drawing inferences from direct and circumstantial evidence is a routine and necessary task of any factfinder." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007). Based on Tian's differing descriptions of his own whereabouts and his beating and detention, a critical juncture of his alleged past

3

persecution, the IJ was entitled to discredit Tian's testimony. *Xian Tuan Ye*, 446 F.3d at 294-95.

Tian characterizes the adverse credibility determination as unfair, asserting that he was not given a chance to explain, but the record reflects otherwise. Moreover, Tian's explanations were not compelling. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible). Tian explained that he was captured by the cadres while he was en route to the relative's house. Rather than clarifying the sequence, these explanations muddled it: When his wife was captured, was Tian on his way home, on his way to the relative's house, with his wife at the relative's house, or in his home village? Tian asks us to remand for the agency to credit a bit of all those options; but on a petition for review, our task is not to supplant the agency's judgment. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 334–35 (2d Cir. 2006) ("[O]ur limited role as an appellate court does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact-finders in the first instance, we would credit or discredit an applicant's testimony.").

Tian also challenges the agency's decision to give diminished weight to the family planning committee document he submitted, questioning why it was wrong to procure it for his claim, and noting that there are different ways to authenticate a document aside from the one laid out in agency regulations. The IJ discounted the document on the ground that it was not authenticated pursuant to an agency regulation, 8 C.F.R. § 287.6(b). We have deemed that reason to be insufficient. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005) (finding "that the IJ erred by rejecting the notarial birth certificate based on Cao's failure to authenticate it pursuant to 'regulation'"). On the other hand, we give the agency "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence and in using documents found to be authentic in making an overall assessment of the credibility of a petitioner's testimony and, ultimately, of [his] persecution claim." *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008). The agency decision under review--that of the BIA--questioned Tian's document for reasons beyond regulatory authentication: it was unauthenticated by any means, unsigned, and obtained for purposes of the litigation. That was no abuse of discretion. *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 (B.I.A. 2010) (discounting village

5

committee documents that "were obtained for the purpose of the hearing, are unsigned and unauthenticated and fail to even identify the authors," and acknowledging that the regulation "does not provide the exclusive means for authenticating documents in immigration proceedings"), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").  The document reflected that Tian's wife had two abortions, which could not serve as a basis for Tian to get asylum.  *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 299–300 (2d Cir. 2007).  Even if credited, the document would not cure the core inconsistency in Tian's testimony about when, where, and for how long he allegedly suffered harm.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk